■ SAMUEL GRAUER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33610.) — Appeal from a judgment of the Court of Claims in favor of claimant for the sum of $5,884.57. At Belleayre State Park, Highmount, New York, the State maintained a chair lift for the use of skiers in the winter and sightseers in the summertime. The lift was made up of between 80 and 90 chairs attached to an endless, constantly moving cable. For those who desired to use the lift for ascent and descent of the mountain the State charged a fee. There was a loading platform at the bottom of the lift and also one at the top of the mountain. The chairs were kept constantly in motion and approached prospective passengers, who stood on a loading platform, from the rear. The State furnished an attendant at each loading platform, whose duty it was to instruct passengers and to guide an approaching chair so that it was directly in the rear of each passenger for the latter to sit in. Claimant, with one of his children, used the lift to ascend the mountain and made the trip without incident. He testified that when he came to return he stood on the top platform, with his child in his arms, awaiting his turn to board a chair. He looked over his shoulder, saw a chair approaching, then felt a blow to his foot accompanied by severe pain and fell back into the moving chair. Subsequently he was found to have suffered a fractured right ankle. Claimant contends that some part of the chair struck him and caused the fracture; the State maintains to the contrary that the structure of the chair, with its foot rest and safety bar, and its height from the ground made this an impossibility, although there is proof that a chair might swing at a considerable arc across its line of travel as it approached the rear of a passenger. The State's explanation of claimant's mishap, for no one denies that he sustained a fractured ankle, was that he must have dropped too heavily in the chair, causing the cable to sag so that the chair and foot rest were nearer to the loading platform than normal, and that in some manner claimant's foot became caught and twisted beneath the foot rest and the ground. The court below held that the State, in the operation of its lift, was a common carrier, and we see nothing objectionable in this finding. A fee was charged for transportation and the public was invited to use the service. It was open to all who cared to use it and there is nothing in this record to show that the use of the facility could be arbitrarily refused to anyone. In view of the fact however that the lift was a constantly moving device it is obvious on the face of it that the State owed a duty to use every reasonable care to see

to it that each passenger was seated safely; and this duty existed whether the State is technically classified as a common carrier or not. The court also applied the doctrine of *res ipsa loquitur* which the State contends was error. In this respect we are inclined to agree with the State, not for the reasons assigned but rather because we think the record indicates negligence on the part of the State. It was the duty of the attendant stationed at the loading platform at the top of the mountain to instruct a passenger where to look, and where to stand if he was in a wrong position. Claimant testified that he received no instructions. But, more important, it was the duty of the attendant there stationed to grasp an approaching chair and guide it to the passenger to make sure that it was directly in place so that the passenger could safely sit down. From this record it may be safely inferred that such procedure was not followed for if it had been the claimant would not have fallen into the chair. If the attendant had been performing his duty with reasonable care, and there is no proof that he was performing it at all, the possibility of an accident as claimant described it, or occurring as the State speculatively described it, would have been negligible. Thus, while some elements of *res ipsa loquitur* are presented there is above and beyond them a direct inference of negligence. Judgment unanimously affirmed, without costs. Settle order. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.. [15 Misc 2d 471.]